# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

       Plaintiff,      :      Case No. 1:08-cr-069
                                       Also Case No. 1:10-cv-901

                                       Chief Judge Susan J. Dlott
      -vs-                           Magistrate Judge Michael R. Merz
                             :

CLARENCE NELSON,

       Defendant.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Objections (Doc. No. 101) to the Magistrate Judge's Report and Recommendations (Doc. No. 99), recommending that Defendant's Motion to Vacate, Set Aside, or Correct a Sentence, pursuant to 28 U.S.C. §2255 (Doc. No. 78) be dismissed with prejudice. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

Petitioner, who filed *pro se*, pled four grounds for relief. Because Ground One presented a triable issue of fact, counsel was appointed and Ground One was tried. Having heard the witnesses live, the Magistrate Judge concluded that Mr. Nelson had not proven by a preponderance of the evidence that he had unequivocally instructed his attorney to file a notice of appeal.

Petitioner objects only to the substantive recommendation on Ground One and the further recommendation that he be denied a certificate of appealability on that Ground for Relief. He has thus waived any objection to the recommendations on the other Grounds. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

The substantive recommendation is based entirely on the Magistrate Judge's determination of the credibility of witnesses who testified live at the evidentiary hearing. Thus the finding that Mr. Nelson did not unequivocally instruct Mr. Schad to file a notice of appeal is a finding of fact, reviewable by both the District Court and the Court of Appeals under a clearly erroneous standard. *Hawkins v. Ohio Bell Tel. Co.*, 93 F.R.D. 547 (S.D. Ohio 1982), *aff'd.* 785 F.2d 308 (6th Cir. 1986); *Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952 (6th Cir. 1985). Petitioner does not argue how the finding is clearly erroneous, but merely asserts "the court was factually in error." (Objections, Doc. No. 101, PageID 407.)

Petitioner objects at some length to the proposed denial of a certificate of appealability. Because that recommendation was made in conclusory fashion in the original Report, an expanded analysis is warranted here.

28 U.S.C. §2253 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), provides in pertinent part:

> (c)
>
> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>    (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

District courts have the power to issue certificates of appealability under the AEDPA in §2254 cases. *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1997); *Hunter v. United States*, 101

F.3d 1565 (11th Cir. 1996)(en banc). Likewise, district courts are to be the initial decisionmakers on certificates of appealability under §2255. *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997)(adopting analysis in *Lozada v. United States*, 107 F.3d 1011, 1017 (2nd Cir. 1997). Issuance of blanket grants or denials of certificates of appealability is error, particularly if done before the petitioner requests a certificate. *Porterfield v. Bell,* 258 F.3d 484(6th Cir. 2001); *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).

To obtain a certificate of appealability, a petitioner must show at least that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or because they warrant encouragement to proceed further. *Banks v. Dretke*, 540 U.S. 668, 705 (2004); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). The first part of this test is equivalent to making a substantial showing of the denial of a constitutional right, including showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further, *Slack v. McDaniel*, 529 U.S. 473 at 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000), quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983).

The standard is higher than the absence of frivolity required to permit an appeal to proceed *in forma pauperis. Id.* at 893.

> Obviously the petitioner need not show that he should prevail on the merits... Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'

*Id.* n.4. *Accord, Miller-El v. Cockrell*, 537 U.S. 322 (2003). A certificate of appealability is not to be issued *pro forma* or as a matter of course. *Id*. at 1040. Rather, the district and appellate courts

must differentiate between those appeals deserving attention and those which plainly do not. *Id*. A blanket certificate of appealability for all claims is improper, even in a capital case. *Frazier v. Huffman*, 348 F.3d 174 (6th Cir. 2003), *citing Porterfield v. Bell,* 258 F.3d 484 (6th Cir. 2001).

Petitioner here did make a substantial showing of denial of a constitutional right. That is, he articulated the right – effective assistance of counsel in the filing of a notice of appeal – and he presented evidence which, if it had been believed, would have entitled him to relief. This is not a case where the evidence against Mr. Nelson's position was so one-sided that no reasonable jurist could have found the relevant facts in his favor. That is, the evidence was almost balanced, but Mr. Nelson did not prevail because he had the burden of proof by a preponderance.

In reviewing the Magistrate Judge's finding, however, the District Judge will apply the clearly erroneous standard. "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Agricultural Services Assn., Inc. v. Ferry-Morse Seed Co.*, 551 F.2d 1057, 1071 (6th Cir. 1977), quoting *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948).[1] Since the District Judge will not have seen the witnesses live, presumably she would reach a conclusion of clear error by finding the Magistrate Judge's reasons for rejecting Petitioner's evidence and/or accepting the Government's evidence to be unpersuasive.

On a further appeal to the Sixth Circuit, the appellate judges would have before them the same transcript and set of reasons for the finding that the District Judge will have. They will be in as good a position to assess those reasons as the District Judge. Therefore, even if the District Judge reaches the conclusion that the Magistrate Judge's finding is not clearly erroneous, she should grant

---

[1] The standard in the Seventh Circuit is somewhat more vivid. "To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must ... strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Parts & Elec. Motors, Inc. v. Sterling Elec, Inc.*, 866 F.2d 228, 233 (7th Cir. 1988).

4

a certificate of appealability on Ground One.

To support appealability, Defendant relies on Judge Rice's decision in *United States v. Evans*, 2011 U.S. Dist. LEXIS 105752 (S.D. Ohio Sept. 20, 2011). Defendant claims *Evans* is a case "almost identical to the Petitioner's herein." (Objections, Doc. No. 101, PageID 408). *Evans* also involved failure to trial counsel to file a notice of appeal, but the issue was not a factual question whether the defendant made an express request that a notice of appeal be filed, but rather the legal question whether counsel's admitted failure to consult about an appeal was constitutionally deficient under *Strickland v. Washington,* 466 U.S. 668 (1984). (See R&R in Evans, Doc. No. 49, PageID 396-397.) And contrary to counsel's assertion that Judge Rice reversed the Magistrate Judge's recommendation to deny a certificate of appealability, the R&R reads

> The Magistrate Judge's evaluation of trial counsel's conduct is one about which reasonable jurists could disagree. Therefore, Mr. Evans should be permitted to appeal *in forma pauperis* and the Court should issue a certificate of appealability.

*Id.* at 399. That is why Judge Rice could adopt the R&R in its entirety. *See Evans* at *1.[2]

**Conclusion**

In accordance with the foregoing analysis, it is respectfully recommended that the Court dismiss the Motion to Vacate with prejudice, but grant a certificate of appealability as to Ground One and allow Defendant to proceed on appeal *in forma pauperis*.

November 8, 2011.

s/ **Michael R. Merz**

---

[2] Given that the Magistrate Judge is recommending granting a certificate of appealability on Ground One, the analysis in this paragraph may seem unnecessary. However, the Magistrate Judge so cherishes his affirmances and rues his reversals by District Judges that he cannot be complacent in the face of a misreading of one as the other.

5

United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).