# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

           Plaintiff,    :    Case No. 1:08-cr-069

                                   Chief Judge Susan J. Dlott
- vs -                           Magistrate Judge Michael R. Merz

CLARENCE NELSON,

           Defendant.    :

## REPORT AND RECOMMENDATIONS

This § 2255 matter is before the Court on Defendant's Motion to Alter or Amend the Judgment pursuant to Fed. R. Civ. P. 59(e)(Doc. No. 121).

On July 21, 2014, Nelson filed a Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 116). Classifying it as a second or successive § 2255 Motion, the Magistrate Judge transferred it to the Sixth Circuit Court of Appeals because it had been filed without permission from that Court (Transfer Order, Doc. No. 117). Nelson now argues that transfer was "erroenous [sic] and contrary to law."

Nelson's claim is that his prior § 2255 Motion filed December 15, 2010 (Doc. No. 78) did not contest his conviction or sentence, "but was in fact utilized as a means to invoke ineffective assistance of counsel against counsel Kevin Michael Schad for not filing upon Movant's request to do so a notice of appeal" in this case (Motion, Doc. No. 121, PageID 512.)

1

It is true that the First Ground for Relief in the prior § 2255 Motion raised in Ground One a claim of ineffective assistance of counsel for failure to file a notice of appeal.  However, it also raised three other claims on the merits.  The Second Ground for Relief asserted ineffective assistance of trial counsel for failure to challenge Nelson's prior convictions (Doc. No. 78, PageID 184).  The Third Ground raises an underlying constitutional claim, to wit, that the conviction in this case "exceeds the Government's enumerated powers" per the Tenth Amendment.  *Id.* at PageID 186.  In the Fourth Ground for Relief, Nelson "adopts all arguments in his other §2255," to wit, the § 2255 motion filed in Case No. 1:08-cr-068.  *Id.* at PageID 187.  Thus it is incorrect to say that Nelson's first § 2255 Motion was limited to attempting to reopen his appeal.  Furthermore, the judgment on the prior § 2255 Motion dealt with all four Grounds for Relief on the merits (Report and Recommendations, Doc. No. 99; Supplemental Report and Recommendations, Doc. No. 102; Order, Doc. No. 107).  Thus the premise of Nelson's Motion – that the prior § 2255 Motion was only about reopening the appeal – is false.

The Magistrate Judge acknowledges that some courts have found that a second-in-time § 2255 motion filed after a **successful** initial § 2255 motion filed for the sole purpose of re-setting the appeal time does not count as a second or successive § 2255 motion.  See *Cantrell v. United States,* 123 F. Supp. 2d 427, 428-29 (M.D. Tenn. 2000)(Wiseman, J.); citing *In re Goddard*, 170 F.3d 435 (4th Cir. 1999); *Shepeck v. United States*, 150 F.3d 800 (7th Cir. 1998); and *United States v. Scott*, 124 F.3d 1328 (10th Cir. 1997); see also, *Urinyi v. United States*, 607 F.3d 318, 321 (2nd Cir. 2010) (stating when petitioner is forced to use a § 2255 motion to obtain direct appeal, barring a subsequent 2255 motion would strip petitioner of the opportunity to lodge a true collateral attack on his sentence, which is the explicit purpose of § 2255), *Johnson v. United States*, 362 F.3d 636, 638 (2004) (holding that "a successful 2255 petition, utilized as a device to

obtain an out-of-time appeal, does not render a subsequent collateral challenge 'second' or 'successive' under [the] AEDPA), *In re Olabode*, 325 F.3d 166, 173 (2003) (holding that petitioner's § 2255 motion is not second or successive under [the] AEDPA since his first motion merely sought reinstatement of his right to direct appeal), and *McIver v. United States*, 307 F.3d 1327, 1332 (2002) (holding that "[a] successful motion to file an out-of-time notice of appeal . . . does not render subsequent collateral proceedings 'second or successive'").  Judge Wiseman also cites *United States v. Orozco-Ramirez,* 211 F.3d 54 (5th Cir. 2000), and *Pratt v. United States,* 129 F.3d 54 (1st Cir. 1997) as reaching the contrary conclusion.  The Magistrate Judge notes that *Cantrell* was followed in *Stamper v. United States,* Nos. 1:03-cv-373, 1:02-cr-86, 2005 U.S. Dist. LEXIS 38283 (E.D. Tenn. 2005)(Collier, Ch. D.J.), but Judge Collier granted relief on the failure to file an appeal claim and dismissed the remaining claims without prejudice.  In *In Re Page*, 179 F.3d 1024 (7th Cir. 1999), the Seventh Circuit distinguished *Shepeck* and refused to extend it to a second petition attacking the same conviction on the merits.

Neither *Cantrell* nor any of the cases cited by Judge Wiseman are instances where the judgment on the first § 2255 motion reached the merits of claims other than the failure to file an appeal claim.  And part of the premise of those decisions is that, in granting the first § 2255 motion, the district court was merely restarting the appellate process.  That is not what happened here.  The Court found against Nelson on all four of his claims, including the claim that he had asked his attorney to file an appeal.

Moreover, Nelson was not forced to proceed without an attorney on his first Motion.  The Court appointed experienced counsel, former Assistant United States Attorney (now Judge) Margaret M. Quinn, who could have amended the original § 2255 Motion to raise other claims besides those Nelson filed *pro se.*

A district court lacks jurisdiction to consider a second or successive petition or motion without approval by the circuit court. *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007). Thus if the instant Motion is properly classified as second or successive but this Court "guesses" wrong on that point, it could waste valuable judicial resources adjudicating the instant Motion, only to have the Court of Appeals reverse for lack of jurisdiction. On the other hand, if the Court's ruling that the instant Motion is second or successive is in error, the Sixth Circuit will be free to transfer the case back with a ruling to that effect.

Because Nelson has demonstrated no manifest error of law in the Transfer Order, his instant Motion under Fed. R. Civ. P. 59(e) should be DENIED.

August 14, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).