IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | Case No. 1:08-cr-068 |
| Plaintiff, | : | Case No. 1:08-cr-069 |
| | : | |
| v. | : | Judge Susan J. Dlott |
| | : | |
| Clarence Nelson, | : | Order Denying Compassionate Release |
| | : | |
| Defendant. | : | |

This matter is before the Court on Defendant's [Third] Motion for Compassionate Release/Sentence Reduction and Motion to Amend. (Docs. 269, 270.)[1] Nelson again argues that a nonretroactive change in sentencing, combined with his risk of exposure to COVID-19 in prison and harsh prison conditions, constitute an extraordinary and compelling reason to reduce his sentence. For the reasons that follow, the Court will **DENY** the [Third] Motion for Compassionate Release/Sentence Reduction and the Motion to Amend.

I.      BACKGROUND

A.      **Crime and Sentencing**

Nelson was charged in separate cases for participation in two drug trafficking conspiracies. He ultimately pleaded guilty to and was sentenced for two counts of conspiracy, one to distribute cocaine and the other to distribute heroin.

The Court sentenced Nelson on December 15, 2009. Both crimes had mandatory minimum sentences of 10 years of imprisonment. (Doc. 211 at PageID 522–523.) The Court initially stated that Nelson had a total offense level of 34 and a criminal history category of VI, resulting in a Sentencing Guidelines range of 262 to 327 months of imprisonment. (*Id.* at

_____

[1] Case citations are to the lower case number, 1:08-cr-068.

PageID 536.)  The Court also found that Nelson was a career offender under Sentencing

Guideline § 4B1.1, including specifically that the conspiracy crimes to which he pleaded guilty

were controlled substance offenses.  (*Id.*)  However, at the sentencing hearing, the Court agreed

to find that Nelson was responsible for a lower amount of heroin than was indicated in the

Presentence Report.  (*Id.* at PageID 530–535.)  The Court determined that his total offense level

would have been 29 if the career offender provision did not apply.  (*Id.* at PageID 535–536.)

The Court sentenced Nelson to a term of imprisonment of 240 months on each count to

run concurrently, which was below the recommended Sentencing Guidelines range of 262 to 327

months of imprisonment, plus supervised release and a fine.  (*Id.* at PageID 559; Doc. 160.)  The

Court explained the decision to depart downwards in part as follows:

> The defendant became involved in two drug conspiracies and is accountable for a
> large amount of drugs.  He has a long history of criminal activity, including four
> previous convictions for drug trafficking, which suggests that he is likely to
> recidivate.  However, the defendant was making strides to become a productive
> citizen.  He had purchased a home and worked in his mother's janitorial business.
> Because of his actions in the instant offenses, the defendant, unfortunately, will
> spend his young adulthood in prison.  Therefore, considering the nature of the
> circumstances of the offense and the history and characteristics of the
> defendant—and let me go through that a little bit because I've got some specific
> things here.
>
> * * *
>
> With regard to the history and characteristics of the defendant, the Court has
> considered the fact that the defendant has four previous convictions for drug
> trafficking.  He is a career offender.  The Court has also considered the fact that
> he purchased a home; that he worked in his mother's janitor business, and I just
> want to quote to you from some of the letters:  That Mr. Nelson has a kind heart.
> He's a good father.  He's a smart, mannerable young man.  He's good with
> children and older folks.  He's a good and kind person with a big heart, a loving
> caring person, and he even volunteered at the community center.  He's a good
> father to his three children, and he has significant ties with his family which is
> probably evident from the number of people that are here for you, Mr. Nelson.
>
> It's almost like reading about two different people.  We've got the good father
> and family member, and then we've got the person who's distributing drugs that

hurt the community terribly and end up in people being killed a lot of the time. And it's somewhat hard to reconcile the two.

* * * *

All right. It's days like this that I don't like being a judge because I do believe you're a nice person, Mr. Nelson. Unfortunately, you have incredibly contributed to the misery of the community by continuing to sell drugs. I was just looking back at your criminal record, and even though you were charged, even though you were charged and convicted, it looks like the minute you got out of jail, you were back selling drugs again. And the amounts in this case are huge. It's not, you know, it's not just a neighborhood sale here. You're providing it for an entire community. And because of your past record, you would be a career offender even if you had one less conviction.

However, the Court, even though 262 is the bottom of the guidelines, now that we're no longer required to follow the guidelines, I believe that 20 years imprisonment is—is enough for anybody. If you're going to come out and commit an offense again, you're probably going to do it either—whether you serve 17 years or 20 years.

(Doc. 211 at PageID 537–538, 539–540, 557–558.)

Nelson, currently age 49, is incarcerated at FCI Beckley and has an estimated release date of August 7, 2024. *See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last viewed 1/9/2023).

**B.    Post-Sentencing Motions**

Nelson filed his first Motion for Reduction in Sentence on January 13, 2021. (Doc. 257.) The Court denied it without prejudice on the grounds that Nelson had not proven that he had satisfied the administrative prerequisites to filing suit. (Doc. 259.)

Nelson remedied that failure when he filed an Amended Motion for Reduction in Sentence. (Doc. 260.) As to the merits, Nelson argued that the following two bases together satisfied the extraordinary and compelling reason requirement for a reduction in sentence: (1) the Sixth Circuit's new interpretation of the term "controlled substance offense" which would remove his designation as a "career offender" if he were sentenced today and (2) the risks posed

to federal inmates by the COVID-19 pandemic. The Government then filed a Response in opposition to a reduction in his sentence. (Doc. 262.) The Court denied Nelson a reduction in his sentence. (Doc. 267.) The Court concluded in part that the generalized risk of contracting COVID-19 did not justify a reduction in sentence. (*Id.* at PageID 841–842.) The Court also concluded that non-retroactive changes in sentencing law—such as the change in who is considered a career offender—are not standing alone or in combination with other factors extraordinary and compelling reasons to grant a reduction in sentence. (*Id.* at PageID 845.)

Nelson now has filed a [Third] Motion for Compassionate Release/Sentence Reduction and a Motion to Amend. (Docs. 269, 270.) The Government did not respond, but the matter is ripe for adjudication.

## II.     STANDARD OF LAW

Nelson seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court lacks authority to resentence a defendant, except as permitted by statute. *United States v. Houston*, 529 F.3d 743, 748–749 (6th Cir. 2008). Section 3582(c) provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

4

18 U.S.C. § 3582(c).

Assuming that the inmate has exhausted administrative remedies, the district court must (1) determine whether "extraordinary and compelling reasons" warrant a reduction and (2) weigh the relevant sentencing factors listed in § 3553(a). *United States v. Jones*, 980 F.3d 1098, 1101, 1108 (6th Cir. 2020).[2] "Congress did not define what constitutes an 'extraordinary and compelling reason,' except to state that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *United States v.* Hunter, 12 F.4th 555, 561 (6th Cir. 2021) (quoting 28 U.S.C. § 994(t)), *cert. denied*, 142 S. Ct. 2771 (2022). Courts generally have discretion to define what constitutes "extraordinary and compelling" reasons. *Id.* Nonetheless, the Sixth Circuit recognizes two restrictions on that discretion:

> First, non-retroactive changes in the law, whether alone or in combination with other personal factors, are not "extraordinary and compelling reasons" for a sentence reduction. Second, facts that existed when the defendant was sentenced cannot later be construed as "extraordinary and compelling" justifications for a sentence reduction.

*Id.* at 562; *see also United States v. McCall*, No. 21-3400, — F.4th —, 2022 WL 17843865, at *15 (6th Cir. Dec. 22, 2022) (*en banc*) (resolving intra-Circuit split by holding that "[n]onretroactive legal developments do not factor into the extraordinary and compelling analysis"). More generally, the Sixth Circuit has emphasized that extraordinary and compelling reasons must be "unusual, rare, and forceful" as opposed to "ordinary and routine." *McCall*, 2022 WL 17843865, at *6 (internal citation and quotation omitted).

The § 3553 factors referenced in the statute include (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed

---

[2] The Sixth Circuit determined in *Jones* that the only U.S. Sentencing Commission Policy Statement potentially applicable to motions for compassionate release—U.S.S.G. § 1B1.13—is inapplicable to cases filed by federal inmates. 980 F.3d at 1109, 1111. Therefore, the district court has full discretion to define "extraordinary and compelling reasons" without reference to the policy statement in § 1B1.13. *Id.* at 1111.

to reflect the seriousness of the offense; (3) the need to protect the public from further crimes of the defendant; (4) the sentencing guideline range; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records and guilty of similar conduct.  18 U.S.C. § 3553(a).

## III.    ANALYSIS

Nelson identifies three grounds that together he asserts satisfy the extraordinary and compelling reason for a reduction in sentence: (1) a nonretroactive change in sentencing law that would result in Nelson receiving a shorter sentence if he were sentenced for the same crimes today, (2) the risks posed to federal inmates by the COVID-19 pandemic, and (3) harsh prison conditions.

Nelson first asserts that he is entitled to a reduction in sentence because he would not be designated as a career offender if he was sentenced today.  At sentencing, the Court found that Nelson was a career offender under 2011 Sentencing Guideline § 4B1.1 in part because the instant conspiracy offense was a controlled substance offense.  (Doc. 211 at PageID 533–536.) Now, however, the law relevant to the career offender designation has changed.  The Sixth Circuit held in 2019 that a "controlled substance offense" under § 4B1.2(b) did not include attempt crimes.  *United States v. Havis*, 927 F.3d 382, 387 (6th Cir. 2019) (*en banc*).  Then, the next month, the Sixth Circuit remanded for resentencing consistent with *Havis* a defendant whose designation as a career offender had been based on a conviction for conspiracy to possess with the intent to distribute cocaine base.  *United States v. Powell*, 781 F. App'x 487, 490 (6th Cir. 2019).  The district court at resentencing held that the defendant's conviction for conspiracy did not qualify as a controlled substance offense under § 4B1.2(b), and therefore, the defendant was not a career offender under § 4B1.1(a).  *United States v. Powell*, No. 5:17CR333, 2020 WL

1852750, at *2 (N.D. Ohio April 13, 2020). The changes to the law wrought by *Havis* and *Powell* are not retroactive.[3]

Nelson argues, correctly, that he would not be deemed a career offender if he were sentenced today because of *Powell*'s holding that conspiracy crimes are not controlled substance offenses. His recommended sentencing range under the Sentencing Guidelines would have been lower without the career offender designation. Nelson argues that the change rendered by *Havis* and *Powell* can be considered an extraordinary and compelling reason to reduce his sentence under § 3582(c)(1)(A) despite the fact that the changes are not retroactive. This argument, however, was expressly rejected by the Sixth Circuit sitting *en banc* in *McCall*. 2022 WL 17843865, at *15. The Sixth Circuit held that nonretroactive judicial decisions announcing new rules of criminal procedure "cannot serve as a basis for relief" under § 3582(c)(1)(A). *Id.* at *7, 11. The majority explained that "there is nothing extraordinary about the ordinary operation of our legal system, which assumes new statutes and caselaw have no retroactive effect." *Id.* at *13. Accordingly, the Court must conclude that this "[n]onretroactive legal development[ does] not factor into the extraordinary and compelling analysis." *Id.* at *15.[4]

Nelson's COVID-19 argument fares no better. COVID-19 was recognized as a pandemic in March 2020. Nelson has not asserted that he has a health condition which puts him at a special risk for severe illness if he contracts COVID-19. There are four current cases of COVID-

---

[3] *Havis* was decided while the *Powell* appeal was pending.

[4] There is a split among the Circuit Courts of Appeal on this issue. Several Circuits agree with the Sixth Circuit that nonretroactive changes in law cannot support an extraordinary and compelling finding. *See United States v. Jenkins*, 50 F.4th 1185, 1198 (D.C. Cir. 2022); *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022), *cert. denied*, 142 S.Ct. 2781 (2022); *United States v. Andrews*, 12 F.4th 255, 261 (3d Cir. 2021), *cert. denied*, 142 S.Ct. 1446 (2022); *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021), *cert. denied*, 142 S.Ct. 1363 (2022). Other circuits have held that such nonretroactive changes to statutory law may be considered in connection with other factors to satisfy the extraordinary and compelling standard for compassionate release. *See United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022); *United States v. Ruvalcaba*, 26 F.4th 14, 28 (1st Cir. 2022); *United States v. McGee*, 992 F.3d 1035, 1047–1048 (10th Cir. 2021); *United States v. McCoy*, 981 F.3d 271, 286–287 (4th Cir. 2020).

19 at Beckley FCI among prisoners and corrections staff, but there have been no deaths. Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/index.jsp (last viewed 1/9/2023). The prison currently houses approximately 1,630 inmates. Federal Bureau of Prisons, FCI Beckley, https://www.bop.gov/locations/institutions/bec/ (last viewed 1/9/2023). Approximately 1,300 inmates at FCI Beckley have been fully inoculated against COVID-19. Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/index.jsp (last viewed 1/9/2023). The Sixth Circuit has stated plainly that the generalized risk of COVID-19 does not serve as a basis for relief under § 3582(c) given the widespread availability of vaccines. *McCall*, 2022 WL 17843865, at *11.

Finally, Nelson complains about prison conditions including frequent lockdowns, the serving of meals in prison cells, and sanitary problems caused by a water line problem in June 2022. These problems were not unique to Nelson; they appear to have affected at least the other prisoners in his unit. (Doc. 270 at PageID 860.) He does not explain if or how these problems imposed a special hardship upon him. In the circumstances described by Nelson, the difficult conditions faced by many, if not all prisoners, do not constitute an extraordinary and compelling reason for release. *See United States v. Pittman*, No. 17-20668, 2022 WL 17832695, at *2 (E.D. Mich. Dec. 21, 2022) (stating that harsh living conditions applicable to all prisoners were not a basis for release); *United States v. Valdez*, No. 17-037, 2022 WL 3444912, at *2 (D.R.I. Aug. 17, 2022) (similar analysis).

In sum, Nelson's arguments, standing alone or taken together, do not constitute an extraordinary and compelling basis for compassionate release. He is not entitled to a reduction in sentence pursuant to § 3582(c). Given this conclusion, the Court need not and will not examine the § 3553(a) sentencing factors.

8

**IV.    CONCLUSION**

For the foregoing reasons, Nelson's [Third] Motion for Compassionate Release/Sentence

Reduction (Doc. 269) and Motion to Amend (Doc. 270) are **DENIED**.

**IT IS SO ORDERED.**

BY THE COURT:


S/Susan J. Dlott
Susan J. Dlott
United States District Judge

9